UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 25-2784 MWF (Ex)            **Date:** October 9, 2025

**Title:** *Marquise Bailey v. EPS Parking Services, LLC, et al.*

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings: (In Chambers)** ORDER TO SHOW CAUSE RE DEFAULT JUDGMENT AS TO DEFENDANT EPS PARKING SERVICES, LLC; ORDER DISMISSING ACTION WITHOUT PREJUDICE AS TO DEFENDANT CROCKER AND TOWNE WHOLESALE MART, LLC

      On March 31, 2025, Plaintiff Marquise Bailey commenced this action against Defendants EPS Parking Services, LLC and Crocker and Towne Wholesale Mart, LLC. (Complaint (Docket No. 1)). Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff must have served the Complaint by June 30, 2025.

      On April 2, 2025, the Court issued an Order Re Prosecution of Certain Cases Under the Americans with Disabilities Act (the "Order"). (Docket No. 10). Pursuant to the Order, Plaintiff must request entry of default for any Defendant who fails to timely respond to the Complaint or file an Application for Stay and Early Mediation. The request for default must be filed no later than **seven calendar days** after the response to Complaint or Application for Stay and Early Mediation was due. (*Id.* at 2).

      On May 8, 2025, Plaintiff filed a Proof of Service of the Summons, Complaint, and case-initiating documents on Defendant EPS Parking Services, LLC (the "EPS POS"). (Docket No. 14). On June 3, 2025, Plaintiff filed a Request to Enter Default, and the Clerk entered Default as to Defendant EPS Parking Services, LLC on June 4, 2025. (Docket Nos. 15 and 16).

      On June 23, 2025, Plaintiff filed a Proof of Service of the Summons, Complaint, and case-initiating documents on Defendant Crocker and Towne Wholesale Mart, LLC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 25-2784 MWF (Ex) | **Date:** October 9, 2025 |
| **Title:** *Marquise Bailey v. EPS Parking Services, LLC, et al.* | |

(the "C and T POS"). (Docket No. 17). On July 22, 2025, Plaintiff filed a Request to Enter Default, immediately followed by a Notice of Errata withdrawing the Request to Enter Default as to Crocker and Towne Wholesale Mart, LLC. (Docket Nos. 18 and 19).

In light of the Default by Clerk entered on June 4, 2025 (Docket No. 16), the Court sets a hearing for **Order to Show Cause Re Default Judgment** on **November 3, 2025, at 11:30 a.m.** If a Motion for Default Judgment as to Defendant EPS Parking Services, LLC is filed prior to this hearing, the hearing on the Order to Show Cause will be discharged and no appearances will be necessary. Any Motion for Default Judgment must comply with the Court's Procedures and Schedules. *See* https://apps.cacd.uscourts.gov/Jps/honorable-michael-w-fitzgerald.

It is well-established that a district court has authority to dismiss a plaintiff's action due to her failure to prosecute and/or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–30 (1962) (noting that district court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and avoid congestion in district court calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (stating that district court may dismiss action for failure to comply with any order of the court).

Before ordering dismissal, the Court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Defendant; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260–61 (failure to comply with court orders).

Taking all of these factors into account, dismissal for lack of prosecution as to Defendant Crocker and Towne Wholesale Mart LLC is warranted. Plaintiff was specifically warned that an Application to Clerk to Enter Default had to be filed within seven calendar days of the date Defendant's response to the Complaint or ADA Application was due.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 25-2784 MWF (Ex)                      **Date:** October 9, 2025

**Title:** *Marquise Bailey v. EPS Parking Services, LLC, et al.*

    Accordingly, the action is **DISMISSED** *without prejudice* as to Defendant Crocker and Towne Wholesale Mart, LLC, **only**.

    IT IS SO ORDERED.